UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER D. KOGA, et al.,

    Plaintiffs,

v.                                                                                 Case No. 09-C-410

FRANK BUSALACCHI, Secretary of the
Wisconsin Department of Transportation,
in his individual and official capacities,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    The plaintiffs in this putative class action allege they lost their Wisconsin commercial driving privileges as a result of being arrested for operating a motor vehicle while intoxicated or with a prohibited blood alcohol concentration. Plaintiffs claim the revocations were in violation of their right of due process and that the statutory framework under which such revocations occur violates their right of equal protection. Defendant Frank Busalacchi moved for summary judgment on November 9, 2009. (Doc. # 11.) Plaintiffs have not responded to the motion. On December 29, 2009, the Court ordered that plaintiffs had ten days to show cause why the motion should not be decided without a response from them. As this time has elapsed and plaintiffs have not responded, the Court now addresses the motion. Because the undisputed facts demonstrate that defendant is entitled to judgment as a matter of law, the motion will be granted.

    Plaintiffs are all adult residents of the State of Wisconsin who are licensed to operate commercial as well as noncommercial vehicles. Plaintiffs have all been convicted of (or have been

charged with) multiple violations of Wis. Stat. § 346.63(1)(a) or (b), which prohibit driving while intoxicated or with a prohibited blood alcohol content. As a result, plaintiffs have had their operating privileges revoked (or are facing such revocation if convicted), pursuant to the provisions of Wis. Stat. ch. 343. Such revocation applies to all motor vehicle operating privileges—it does not distinguish between commercial and noncommercial operating privileges.

Neither plaintiffs' equal protection rights nor their due process rights are offended by the fact their commercial driving privileges are subject to revocation under the statutory framework in Wisconsin.

## Equal Protection

The Supreme Court has "repeatedly held that 'a classification neither involving fundamental rights nor proceeding along suspect lines . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.'" *Cent. State Univ. v. Am. Assoc. of Univ. Professors, Cent. State Chapter*, 526 U.S. 124, 127-28 (1999) (quoting *Heller v. Doe*, 509 U.S. 312, 319-321 (1993)). According to the Seventh Circuit,

> Rational basis review requires the plaintiff to prove that (1) the state actor intentionally treated plaintiffs differently from others similarly situated; (2) this difference in treatment was caused by the plaintiffs' membership in the class to which they belong; and (3) this different treatment was not rationally related to a legitimate state interest.

*Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) (citing *Smith v. City of Chicago*, 457 F.3d 643, 650-51 (7th Cir. 2006)). Plaintiffs fail to meet this burden.

Plaintiffs allege that they are (or will be) treated differently than airline pilots, train engineers, medical couriers, and persons operating vehicles weighing 26,000 pounds or less. As defendant points out, persons operating vehicles weighing 26,000 pounds or less are subject to revocation of their operating privileges in Wisconsin if they violate Wis. Stat. § 346.63(1)(a) or (b), making any such comparison inapt. This leaves the pilots, train engineers and medical couriers. The Court concludes as a matter of law that plaintiffs are not similarly situated to either three of these groups for purposes of equal protection analysis. This is because airline pilots are licensed by the federal government, through the Federal Aviation Administration, and not by the State of Wisconsin. *See* 49 U.S.C. § 44703(a) ("The Administrator of the Federal Aviation Administration shall issue an airman certificate to an individual when the Administrator finds, after investigation, that the individual is qualified for, and physically able to perform the duties related to, the position to be authorized by the certificate."). Similarly, train engineers need no blessing from the State of Wisconsin to operate locomotives on the state's rails, but only a license from the Department of Transportation's Federal Railroad Administration. *See* 49 U.S.C. § 20135; 49 C.F.R. § 240.101. Finally, plaintiffs provide nothing in the way of argument or evidence to show how "medical couriers" in Wisconsin are similarly situated to themselves. *See Srail*, 588 F.3d at 945 (requirement that challenger must prove that he or she was treated disparately from those similarly situated necessarily requires a challenger to introduce evidence of similarly situated persons). Plaintiffs are not similarly situated to the other professions they reference, as they do not fly planes or drive trains. Plaintiffs are similarly situated with other persons licensed to operate motor vehicles in Wisconsin, and they are treated no differently than any such persons with respect to the statutes they challenge in this case.

3

Even if plaintiffs were similarly situated to these other groups, they can hardly contend that the statutes at issue here are not rationally related to a legitimate governmental purpose. As the Wisconsin Supreme Court noted in *State v. Nordess*, 128 Wis. 2d 15, 33-34, 381 N.W.2d 300 (1986), the state has a significant interest in keeping its highways safe for public use, especially from the dangers posed by those who drive while intoxicated. It is certainly rational to conclude–even without the support of empirical data–that a person who engages in intoxicated driving in a noncommercial capacity is more likely to similarly endanger the public by engaging in intoxicated operation of a motor vehicle in a commercial capacity, and vice versa. "A rational basis 'may be based on rational speculation unsupported by evidence or empirical data.'" *Srail*, 588 F.3d at 947 (citing *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)). The Wisconsin legislature could have also rationally concluded that revoking all operating privileges for intoxicated operation would deter intoxicated operation in both commercial and noncommercial capacities, providing greater protection to the public.

Because plaintiffs' complaint both fails to establish that they are being treated different from similarly situated individuals, and it falls short of establishing that there is no rational basis to the challenged statutes, defendant will be granted summary judgment on plaintiffs' equal protection claim.

## Due Process

Whether or not plaintiffs claim that it is their procedural due process rights or substantive due process rights that have been offended, their claims fail as a matter of law. The Supreme Court has stated that the requirement of procedural due process can be met by "some kind of a hearing

4

before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citations and emphasis omitted). Here, the undisputed facts show that plaintiffs were all provided a hearing in their legal proceedings, had the benefit of counsel, and did not appeal the revocation of their operating privileges under the provisions of Wis. Stat. § 343.40.[1] Further, plaintiffs also could have sought a post-deprivation remedy in the form of a petition for review pursuant to Wis. Stat. § 227.52, *et seq.*, but no plaintiff has sought such relief. Because an adequate post-deprivation remedy can cure any defect in process leading up to the deprivation, *see Zinermon*, 494 U.S. at 132, plaintiffs have effectively waived any right to claim that their procedural due process rights have been violated. *See Hudson v. City of Chicago*, 374 F.3d 554, 563 (7th Cir. 2004) ("'[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them.'") (quoting *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)).

This leaves plaintiffs' substantive due process claim, which fares no better. "[S]ubstantive due process deals with violations of fundamental rights only." *Avila v. Pappas*, --- F.3d ----, 2010 WL 6102, at * 2 (7th Cir. Jan. 4, 2010) (citing *Washington v. Glucksberg*, 521 U.S. 702, 719-21 (1997)). Because there is no fundamental "right to drive," *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999), defendant is also entitled to judgment as a matter of law on plaintiffs' substantive due process claim.

---

[1] Defendant has provided certified copies of the driving records of all plaintiffs. (Def.'s Br. in Supp., Ex. A.) These records are admissible evidence under Fed. R. Evid. 902(4), thus satisfying the requirement that "a court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) (citation omitted).

5

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and this matter is **DISMISSED**. The Clerk shall enter judgment in defendant's favor forthwith.

Dated this   1st   day of February, 2010.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge